IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD LeROY McCRAY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0588-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Harold LeRoy McCray, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 2004, petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 27 years confinement. His conviction and sentence were affirmed on direct appeal. *McCray v. State*, No. 05-04-00967-CR, 2005 WL 1983586 (Tex. App.--Dallas, Aug. 18, 2005, no pet.). Petitioner also challenged his conviction on collateral review in state and federal court. Two state writs were denied without written orders. *Ex parte McCray*, No. 18,030-08 (Tex. Crim. App. Oct. 4, 2006); *Ex parte McCray*, No. 18,030-09 (Tex. Crim. App. May 2, 2007). Three other state writs were dismissed as successive. *Ex parte McCray*, No. 18,030-10 (Tex. Crim. App. Jul. 11, 2007); *Ex parte McCray*, No. 18,030-11 (Tex. Crim. App. Sept. 12, 2007); *Ex parte McCray*, No. 18,030-12

(Tex. Crim. App. Dec. 19, 2007). A prior federal writ was denied on the merits. *McCray v. Quarterman*, No. 3-07-CV-0940-D, 2007 WL 2873440 (N.D. Tex. Oct. 2, 2007).[1]

Undeterred, petitioner now seeks federal habeas relief on the grounds that: (1) he was not competent to stand trial; and (2) the evidence was insufficient to support his conviction. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

---

[1] Two other federal writs filed by petitioner were dismissed without prejudice for failure to exhaust state remedies. *McCray v. Dretke*, No. 3-05-CV-1160-D, 2006 WL 1882007 (N.D. Tex. Jul. 7, 2006); *McCray v. Quarterman*, No. 3-06-CV-2003-M, 2007 WL 707340 (N.D. Tex. Mar. 8, 2007).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE